IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH MICHAEL GRIFFITH,        )
                                )
                    Petitioner, )
                                )
            v.                  )       1:14CV14
                                )
SORRELL SAUNDERS,               )
                                )
                    Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was a sufficient affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. Petitioner submitted an *in forma pauperis* application, but did not provide the amount of deposits into his trust account in the last six months or the balance of his trust account. This information is required to the Court to make an *in forma pauperis* determination.

2. Petitioner does not appear to state any viable claim for relief. He challenges a prison disciplinary conviction. Such a challenge can be raised, but is very limited. In a prison disciplinary hearing, an inmate has a right to (1) advance written notice of his charges, (2) a chance to present evidence where consistent with institutional safety and correctional goals, and (3) a written statement from the factfinder explaining the evidence relied upon and the reasons for the ultimate decision. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). In addition, the factfinder's decision must find some support in the evidence. Id. at 455. Petitioner's first allegation is that the hearing officer refused to

accept two defense motions. However, there is no right to raise defense motions or have them accepted. Petitioner next claims that the hearing officer refused to allow security video to he used at the hearing. Such a claim potentially implicates the second of the rights discussed above, but decisions regarding the admission of evidence are subject to harmless error review. Brown v. Braxton, 373 F.3d 501, 508 (4th Cir. 2004). Petitioner does not explain how any refusal to use security video prejudiced his case. Third, Petitioner argues that the outcome of the disciplinary decision was incorrect under prison policies. However, he may not relitigate the merits of the decision in this Court. Finally, he claims that the hearing officer violated the dictates of Wolff by improperly refusing to allow him competent assistance to help him prepare his defense. However, Wolff states merely that help from fellow inmates or staff may be required where an inmate is illiterate or the hearing involves issues too complex to he handled by the inmate. Wolff 418 U.S. at 570. There is no indication that either condition is present here.

3. Petitioner does not state what relief he seeks as a result of his Petition.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte*

without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 16th day of June, 2014.

                                        /s/ Joi Elizabeth Peake
                                        United States Magistrate Judge